UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-1262-JST (MLGx)                                    Date:  October 18, 2011
Title:  HICA Education Loan Corp. v. Waters

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

|       Ellen Matheson       |          N/A          |
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                                          Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

     In the Complaint before the Court, Plaintiff alleges it is the owner of a promissory note signed by the Defendant pursuant to the Health Education Assistance Loan ("HEAL") Program. According to the Complaint, Defendant has failed to make all required payments on the loan. Plaintiff alleges that Defendant is in default and seeks to recover the amount of the loan, interest, attorneys' fees, and assorted costs, fees, and charges.

     The Court may raise the issue of subject matter jurisdiction at any time, sua sponte. *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988). If "the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As the party invoking federal jurisdiction, Plaintiffs have the burden of establishing the actual existence of subject matter jurisdiction. *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). This burden, at the pleading stage, must be met by pleading sufficient allegations to show a proper basis for jurisdiction. Fed. R. Civ. P. 8(a)(1) (a complaint "shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends").

     Federal subject matter jurisdiction may be established by the presence of an action arising under federal law, *see* 28 U.S.C. § 1331. The determination as to whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-1262-JST (MLGx) | Date: October 18, 2011 |
| Title: HICA Education Loan Corp. v. Waters | |

      The Complaint alleges federal subject matter jurisdiction on the basis of federal question jurisdiction under 28 USC § 1331.  (Compl. ¶ 3.)   Specifically, the Complaint alleges:

> This court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because the Plaintiff's claims against the Defendant arise under the Constitution, laws, or treaties of the United States.  Specifically, Plaintiff's claims are founded upon one or more promissory notes executed pursuant to 42 U.S.C. §§ 292/294 et seq. and the Federal Regulations set forth in 42 CFR Part 60 governing the administration of the Health Education Assistance Loan (HEAL) Program.

(*Id.*)

      The laws governing the HEAL Program do not appear to create a private right of action under federal law.  *See HICA Education Loan Corp. v. McKinney*, No. 10-1205-CV-W-ODS, 2011 U.S. Dist. LEXIS 77716 (W.D. Mo. Jul. 18, 2011).  Accordingly, the Court orders that Plaintiff shall show cause as to why the Court should not dismiss the case for lack of subject matter jurisdiction.  Plaintiff shall submit a written response no later than **October 31, 2011**.  Failure to timely respond will result in immediate dismissal of this action.

      Initials of Preparer:  enm