JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 11-01262-JST (MLGx)                                    Date:  November 7, 2011
Title:  HICA Education Loan Corp. v. Bradley K. Waters

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Nancy Boehme | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

On October 18, 2011, this Court issued an Order to Show Cause why Plaintiff's Complaint should not be dismissed for lack of subject matter jurisdiction ("OSC"). (Doc. 7.)  Plaintiff responded to the OSC on October 28, 2011.  (Pl.'s Reply, Doc. 8.) Having reviewed Plaintiff's Complaint and considered its OSC Reply, the Court has determined that it lacks subject matter jurisdiction over this action.  Accordingly, Plaintiff's Complaint is DISMISSED without prejudice.

**I.   BACKGROUND**

Plaintiff filed this action on August 23, 2011, against Defendant Bradley K. Waters, seeking enforcement of a promissory note.  (Compl. ¶¶ 7-13, Doc. 1.)  The Complaint asserts Plaintiff is the owner and/or holder of the promissory note, which was executed under the Health Education Assistance Loan ("HEAL") program, *see* 42 U.S.C § 292 *et seq*.  The HEAL program was created by the federal government to assist students seeking education training in the medical field.  HEAL loans are insured by the U.S. Department of Health and Human Services.

**II.   LEGAL STANDARD**

The Court may raise the issue of subject matter jurisdiction at any time, sua sponte.  *See U.S. Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 79 (1988).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-01262-JST (MLGx) | Date: November 7, 2011 |
| Title: HICA Education Loan Corp. v. Bradley K. Waters | |

     Generally, subject matter jurisdiction is based on the presence of complete diversity between the parties, *see* 28 U.S.C. § 1332, or on the presence of an action "arising under" federal law, *see* 28 U.S.C. § 1331. The determination as to whether the case "arises under" federal law is governed by the "well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112-13 (1936)).

     While federal question jurisdiction under 28 U.S.C. § 1331 is most commonly "invoked by . . . plaintiffs pleading a cause of action created by federal law," the Supreme Court has recognized that, "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). A federal court may exercise subject matter jurisdiction over state law claims that "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

### III. DISCUSSION

     Here, Plaintiff asserts federal question jurisdiction under under 28 U.S.C. §§ 1331. (Compl. ¶ 3; Pl.'s Reply at 5.) Plaintiff's claim, however, is brought under state law for enforcement of a promissory note. (Compl. ¶¶ 7-13.) Accordingly, the Court may exercise subject matter jurisdiction over this action only if this state-law claim "necessarily raise[s]" an "actually disputed and substantial" federal issue. *See Grable*, 545 U.S. at 314. Because it does not, the Court lacks subject matter jurisdiction over this action.

     An action for default on a promissory note, executed under the HEAL program, *see* 42 U.S.C. § 292 *et seq.*, and governed by the federal regulations, 42 C.F.R. Part 60, is insufficient to establish federal-question jurisdiction. "It is the nature of the action before the court, not the nature of the loan program, that establishes the existence or absence of federal jurisdiction." *Inter-American Univ. of Puerto Rico, Inc. v. Concepcion*, 716 F.2d 933, 934 (1st Cir. 1983) (dismissing lender's action to collect loans made under Higher Education Act for lack of federal-question jurisdiction). The only dispute here is whether Defendant has defaulted on the loan. The fact that the Government guarantees these

JS-6

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SACV 11-01262-JST (MLGx) | Date: November 7, 2011 |
| Title: HICA Education Loan Corp. v. Bradley K. Waters | |

loans is not relevant to the question of default. *See id*. at 934. While loans made under the HEAL program are governed by federal regulations, that by itself is not enough to raise federal question jurisdiction. *See K2 America Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 2011 U.S. App. LEXIS 13136, at *21 (9th Cir. Aug. 5, 2011) (denying federal question jurisdiction where a lease was governed "by specific federal statutory and regulatory scheme," but the claim did not require the resolution of a substantial federal question of law). Here, Plaintiff has not raised a substantial issue by citing to federal regulations. Since no substantive basis for federal jurisdiction is present in this case, the Court lacks subject matter jurisdiction over Plaintiffs' claims. Moreover, the Court notes that Plaintiff has brought similar actions in other federal courts, some of which have also determined that they lack subject matter jurisdiction. *See, e.g., HICA Ed. Loan Corp. v. McKinney*, No. 10-1205-CV-W-ODS, 2011 U.S. Dist. LEXIS 77716 (W.D. Mo. July 18, 2011).

IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint is DISMISSED without prejudice for lack of subject matter jurisdiction.

Initials of Preparer: <u>nkb</u>